UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INTEGON NATIONAL INSURANCE COMPANY, a corporation,<br><br>Plaintiff,<br><br>v.<br><br>VYACHESLAV GARBUZOV, et al.,<br><br>Defendants. | No. 2:20-cv-0274-JAM-AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motions for default judgment against defendants Richard Anthony Duclos (ECF Nos. 18, 22) and Vyacheslav Garbuzov (ECF No. 23). The motions were referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). The matters were taken under submission. ECF No. 24. For the reasons set forth below, the undersigned recommends plaintiff's motions be GRANTED, and that judgment be entered in favor of plaintiff against the defaulting defendants.

**I.   Relevant Background**

Plaintiff, Integon National Insurance Company, brought this action on February 5, 2020 seeking a determination of its rights, duties, and obligations under any and all insurance policies issued by it to Leonid Mateush with respect to any benefits and liability insurance regarding the matter of Richard Anthony Duclos v. Vyacheslav Garbuzov, et al., Sacramento Superior Court

1

Civil Action No. 24-2016-00198735, ECF No. 1 at 1-2.  The underlying state court lawsuit stems from an auto accident in which Duclos, a 79-year-old who struck his head and was diagnosed with intracranial bleeding, accumulated over $100,000 in medical bills.  Id. at 2.  Plaintiff alleges that certain defendants are "masters, servants, agents, employees, employers, principals, partners, or joint venturers with respect to certain other Defendants, or otherwise stand in such relationship with one another so as to result in the imputation of liability, duties and/or rights, vicariously, from one to the other."  Id. at 3.

Plaintiff alleges that at the time of the accident which is the subject of the state court lawsuit, Leonid Mateush and Galina M. Mateush were covered drivers under one of plaintiff's policies.  Id. at 3-4.  The insured vehicles under the policy included a 2011 Ford F-150.  Id. at 4.  The Mateush defendants are alleged to be agents and/or employees of defendant West Coast Construction Pro, which also employed defendant Garbuzov, who was on duty and driving a 2010 Chevrolet Silverado when he struck defendant Duclos.  See ECF No. 22-6.  The complaint states that an "actual controversy has arisen and now exists in that Plaintiff contends, while Defendants and each of them dispute, that the 2010 Chevrolet Silverado vehicle operated by GARBUZOV at the time of the collision does not qualify as a 'covered auto' under the terms of the Policy and GARBUZOV himself does not qualify as an insured under the terms of the Policy and that, as a consequence, INTEGON is obligated to neither defend nor indemnify any person against the liability alleged in the lawsuit."  ECF No. 1 at 5.  Integon undertook the defense of the state court case under a reservation of rights to contest coverage.  Id. at 6.  Plaintiff now seeks a declaration that there is no coverage under Policy 2003287833 for the liability alleged in Sacramento County Superior Court Civil Action #34-2016-00198735.  Id. at 6.[1]

On September 4, 2020, plaintiff and defendants Galina Mateush, Leonid Mateush, and West Coast Construction Pro, Inc. stipulated that no insurance policy issued by plaintiff obligates plaintiff to provide defense or indemnity in the underlying state lawsuit, and that plaintiff is released from all claims against those defendants for reimbursement of fees or costs associated

---

[1] Plaintiff also initially brought claims for reimbursement, but is not seeking default judgment as to the reimbursement claims.

2

with the defense of the underlying lawsuit.  ECF No. 21 at 1.  The stipulating parties agreed that the court would enter judgment in favor of plaintiff and against the stipulating defendants upon conclusion of this case.  Id. at 3.  The remaining defendants include Richard Anthony Duclos, Vyacheslav Garbuzov, and "Companies Red, White and Blue."  None of the remaining defendants have appeared.  It appears "Companies Red, White and Blue" has not been served.  Summons were returned executed in March 2020 as to defendant Duclos and defendant Garbuzov.  ECF Nos. 4, 8.

The clerk of court entered default against defendant Duclos (ECF No. 11) and defendant Garbuzov (ECF No. 12).  Plaintiff moved for default judgment against defendant Duclos on September 3, 2020.  ECF No. 18.  A proof of service was included with the fling.  ECF No. 22-12.  The motion was re-filed on September 4, 2020.  ECF No. 22.  Plaintiff moved for default judgment against defendant Garbuzov on September 4, 2020.  ECF No. 23.  A proof of service was included with the filing.  ECF No. 23-12.  Neither of the defaulting parties responded to the motion for entry of default judgment, nor have they otherwise appeared in this case.

## II.     Motions

Plaintiff seeks entry of a declaratory judgment against the defaulting defendants, and no monetary relief.  Specifically, plaintiff seeks a judgment that "Defendant RICHARD ANTHONY DUCLOS was not covered as an insured driver under Plaintiffs insurance policy nor was he, at the time of the collision, which is the subject of the underlying liability action, operating a 'covered auto', in the terms of that policy"  (ECF No. 22 at 2) and that "Defendant VYACHESLAV GARBUZOV was not covered as an insured driver under Plaintiffs insurance policy nor was he, at the time of the collision, which is the subject of the underlying liability action, operating a 'covered auto', in the terms of that policy" (ECF No. 23 at 2).

## III.    Analysis

A. Legal Standard

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action.  See Fed. R. Civ. P. 55(a).  However, "[a] defendant's default does not

3

automatically entitle the plaintiff to a court-ordered judgment." PepsiCo, Inc. v. Cal. Sec. Cans, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing Draper v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986)); see Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> (1)   the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. Id. at 1472.

As a general rule, once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B. The Eitel Factors

    1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment because it would be without recourse for recovery. Accordingly, the first Eitel factor favors the entry of default judgment.

    2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Following entry of default, the court takes the well-pleaded allegations in the complaint regarding liability as true, though not allegations regarding the amount of damages. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). However, while well pleaded facts are deemed established, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992). To determine if a plaintiff sufficiently pleads the elements of its common law claim in this diversity case, we must look to state law. Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009) (citation omitted).

Here, the merits of the claims and sufficiency of the complaint favor entry of default judgment. Though the complaint brings a claim for reimbursement as well as an untitled claim for declaratory relief, the motions for default judgment do not seek entry of judgment as to the reimbursement claim. ECF Nos. 22 at 2, 23 at 2. In its complaint, plaintiff asserts "that the 2010 Chevrolet Silverado vehicle operated by GARBUZOV at the time of the collision does not qualify as a 'covered auto' under the terms of the Policy and GARBUZOV himself does not qualify as an insured under the terms of the Policy and that, as a consequence, INTEGON is

////

obligated to neither defend nor indemnify any person against the liability alleged in the lawsuit" underlying this action. ECF No. 1 at 5.

California law requires that a claim for declaratory relief demonstrate (1) a proper subject of declaratory relief and (2) an actual controversy involving justiciable questions relating to the rights or obligations of a party. Brownfield v. Daniel Freeman Marina Hosp., 208 Cal. App. 3d 405, 410 (Cal. Ct. App. 1989). Proper subjects of declaratory relief include the following:

> Any person interested under a written instrument ... or under a contract, or who desires a declaration of his or her rights or duties with respect to another ... may, in cases of actual controversy relating to the legal rights and duties of the respective parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract.

Cal. Code Civ. P. § 1060. The "actual controversy" requirement "concerns the existence of a present controversy relating to the legal rights and duties of the respective parties pursuant to the contract." Brownfield, 208 Cal.App.3d at 410.

"California and federal courts have held that declaratory relief is appropriate to negate an insurer's duty to defend." Mesa Underwriters Specialty Ins. Co. v. Paradise Skate, Inc., No. 15-CV-01253-YGR, 2016 WL 9180434 (N.D. Cal. May 2, 2016), citing Essex Ins. Co. v. Yi, 795 F. Supp. 319, 322 (N.D. Cal. 1992) (collecting cases). "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th 1076, 1081 (1993). Clear and express contractual language controls; a provision is deemed ambiguous "only if it is susceptible to two or more reasonable constructions despite the plain meaning of its terms within the context of the policy as a whole." Sony Computer Entm't Am. Inc. v. Am. Home Assurance Co., 532 F.3d 1007, 1012 (9th Cir. 2008) (internal quotation marks and citations omitted).

Here, plaintiff has sufficiently alleged a proper subject of declaratory relief: the existence of an insurance policy and the underlying state court action. Plaintiff has also sufficiently alleged an actual controversy: whether the policy issued to the Mateush defendants applies to the facts in

the underlying state court case. Plaintiff's factual allegations support its declaratory relief claim. Plaintiff attached a copy of the underlying complaint,[2] which alleges defendant Garbuzov struck defendant Duclos while driving a 2010 Chevrolet Silverado. ECF No. 22-6 at 4. Defendant Garbuzov, along with the Mateush defendants, are alleged to be employees/agents of West Coast Construction Pro. Id. at 3. Garbuzov, the Mateush defendants, and West Coast Construction are each alleged to be owners of the Chevrolet Silverado. Id. Plaintiff also attached a copy of the insurance policy at issue, which identifies on the declarations page a 2011 Ford F150 as the covered vehicle and the named insureds as Leonid Mateush and Galina N. Mateush. ECF No. 22-3 at 1, 15-17. The policy language, incorporated in relevant part into the complaint, limits covered vehicles to those listed on the policy declarations page, and limits covered drivers of other vehicles to the Mateush defendants. ECF No. 1 at 4-5. Because the insurance policy's plain language does not cover the driver or vehicle at issue in the underlying litigation, declaratory relief is appropriate.

        3.   Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct. Here, the fact that no money damages are sought from either defaulting defendant favors entry of default judgment.

        4.   Factor Five: Possibility of Dispute Concerning Material Facts

The facts of this case are relatively straightforward, and plaintiff has provided the court with well-pleaded allegations supporting its claims and affidavits/documentation in support of its allegations. The court may assume the truth of well-pleaded facts in the complaint (except as to damages) following the clerk's entry of default and, thus, there is no likelihood that any genuine issue of material fact exists. See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388,

---

[2] Courts may take judicial notice that documents were filed in other court cases, but it may not take judicial notice of the truth of any facts set forth in the documents themselves. See M/V Am. Queen v. San Diego Marine Constr. Corp., 708 F.2d 1483, 1491 (9th Cir. 1983) ("As a general rule, a court may not take judicial notice of proceedings or records in another case so as to supply, without formal introduction of evidence, facts essential to support a contention in a cause then before it."). The court here takes judicial notice of the existence of the complaint in the underlying court case and the allegations made therein.

393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Plaintiff served the defendants with the summons and complaint. ECF Nos. 4 and 8. Moreover, plaintiff served defendants by mail with notice of its application for default judgment. ECF Nos. 22-12, 23-12. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed to defend themselves in this action. Thus, the record supports a conclusion that the defendants have chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. However, district courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Accordingly, although the court is cognizant of the policy favoring decisions on the merits – and consistent with existing policy would prefer that this case be resolved on the merits – that policy does not, by itself, preclude the entry of default judgment.

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is entitled to the entry of default judgment against the defendants as follows:

1. Defendant RICHARD ANTHONY DUCLOS was not covered as an insured driver under Plaintiffs insurance policy nor was he, at the time of the collision, which is the subject of the underlying liability action, operating a 'covered auto', in the terms of that policy.

2. Defendant VYACHESLAV GARBUZOV was not covered as an insured driver under Plaintiffs insurance policy nor was he, at the time of the collision, which is the subject of the underlying liability action, operating a 'covered auto', in the terms of that policy.

Though default judgment should be entered as described above, closure of this case is not appropriate at this juncture. The remaining defendants have stipulated to a judgment and there is a pending order from the District Judge in this case instructing the remaining defendants to file a status report within 30 days of the resolution of the motions considered herein. ECF No. 26.

### IV. Conclusion

It is RECOMMENDED THAT plaintiff's motions for default judgment, (ECF Nos. 22 and 23) be granted and that the motion at ECF No. 18 be STRICKEN as duplicative.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: April 21, 2021

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE